

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

ICE DANIEL
RNEY GENERAL

March 8, 1950

Hon. W. C. Hancock
County Attorney
Camp County
Pittsburg, Texas

Opinion No. V-1019.

Re: The disposition to be
made of fees paid to
a Justice of the Peace
for acting as a local
registrar of births
and deaths.

Dear Sir:

Your request for an opinion reads in part as
follows:

"Pittsburg, Texas is an incorporated
town which according to the last federal
census has a population in excess of 2,-
500, and is located within the boundaries
of Justice of the Peace Precinct 1 of
Camp County, Texas. J. Tom Laney is the
duly qualified and acting Justice of the
Peace of Precinct 1.

"The Justice of Peace of Precinct 1
has for years acted as the recorder of
births and deaths for the entire county.
He was appointed by the State Department
of Health as the recorder for the city of
Pittsburg upon the recommendation and con-
firmation of the mayor of the city of Pitts-
burg, Texas, and has received compensation
as is provided for such services. . .

"Inasmuch as the Justice of the Peace
of Precinct 1 is acting as the local regis-
trar in the city of Pittsburg by virtue of
his appointment by the State Department of
Health with the confirmation of the Mayor
of said city, are the fees paid to him for
such services, fees of office as Justice of
the Peace of Precinct 1, and should they
be reported on his annual report as such?"

The State Comptroller informs us that the Jus-
tices of the Peace of Camp County are compensated on a

fee basis.

Rule 55a of Article 4477, V.C.S., provides:

"That each local registrar is hereby
charged with the strict and thorough en-
forcement of the provisions of this Act in
his registration district, under the super-
vision and direction of the state registrar.
And he shall make an immediate report to the
state registrar of any violation of this law
coming to his knowledge, by observation or
upon complaint of any person, or otherwise.

"The state registrar is hereby charged
with the thorough and efficient execution
of the provisions of this act in every part
of the state, and is hereby granted super-
visory power over local registrars, deputy
local registrars, and subregistrars, to the
end that all of its requirements shall be
uniformly complied with.  The state regis-
trar, either personally or by an accredited
representative, shall have authority to in-
vestigate cases of irregularity or violation
of law, and all registrars shall aid him, up-
on request, in such investigations.  When he
shall deem it necessary, he shall report
cases of violation of any of the provisions
of this Act to the county attorney, with a
statement of the facts and circumstances;
and when any such case is reported to him
by the state registrar, the county attorney
shall forthwith initiate and promptly fol-
low up the necessary court proceedings
against the person or corporation respon-
sible for the alleged violation of law. And
upon request of the state registrar, the
attorney general shall assist in the en-
forcement of the provision of this Act."

Article 781a of Vernon's Penal Code provides
in part:

". . . or (e) being a local registrar,
deputy registrar, or subregistrar, shall
fail, neglect, or refuse to perform his duty
as required by this Act and by the instruc-
tions, and direction of the state registrar

thereunder, shall be deemed guilty of a mis-
demeanor and upon conviction thereof shall
for the first offense be fined not less than
five dollars ($5.00) nor more than fifty dol-
lars ($50.00), and for each subsequent of-
fense not less than ten dollars ($10.00) nor
more than one hundred dollars ($100.00), or
be imprisoned in the county jail not more
than sixty days, or be both fined and impri-
soned."

In view of the foregoing we assume that the ap-
pointment by the State Health Department of the Justice
of the Peace of Precinct 1 as recorder of births and
deaths for the City of Pittsburg was in pursuance of
Rule 36a of Article 4477, V.C.S., which provides:

"For the purposes of this Act the State
shall be divided into Primary Registration
Districts as follows:  Each Justice of the
Peace Precinct and each incorporated town
of two thousand, five hundred (2,500) or
more population, according to the last United
States Census, shall constitute a Primary
Registration District, provided the State
Board of Health may combine two or more Reg-
istration Districts, or may divide a Primary
Registration District into two or more parts,
so as to facilitate registration, and in the
Justice of the Peace Precinct, the Justice
of the Peace shall be Local Registrar, and in
cities of two thousand, five hundred (2,500)
or more, according to the last United States
Census reports, the City Clerk or City Secre-
tary shall be the Local Registrar of Births
and Deaths.

"It is hereby declared to be the duty
of the Justice of the Peace in the Justice
of the Peace Precinct, and the City Clerk
or City Secretary in the city of two thou-
sand, five hundred (2,500) or more popula-
tion, to secure a complete record of each
birth and death that occurs within their
respective jurisdictions, and have same re-
corded in the County Clerk's office in their
respective counties on or before the tenth
of the following month."  (Emphasis added)

Hon. W. C. Hancock, page 4  (V-1019).


In this event it becomes the duty of the Justice of the Peace of Precinct 1 to record said births and deaths of the City of Pittsburg as well as those outside the city limits. In other words, there has been a consolidation or combining of the two registration districts of which the Justice of the Peace has been designated as the Local Registrar of said district.

It was stated in Attorney General Opinion No. 0-1963 as follows:

"We think it proper to here point out that the State Board of Health is given the right and authority to combine two or more registration districts under the above quoted Rule 36a, which, if done by the Board would relieve one of the local registrars from his duties. This, however, is a matter resting solely within the discretion of the Board and in the absence of the exercise of such discretion a justice of the peace is required to serve."

Article 3891 of Vernon's Civil Statutes, which is applicable to county and precinct officers who are compensated on a fee basis, provides in part:

"The compensation, limitations and maximums herein fixed shall also apply to all fees and compensation whatsoever collected by said officers in their official capacity, whether accountable as fees of office under the present law, and any law, general or special, to the contrary is hereby expressly repealed. The only kind and character of compensation exempt from the provisions of this Act shall be rewards received by Sheriffs for apprehension of criminals or fugitives from justice and for the recovery of stolen property, and moneys received by County Judges and Justices of the Peace for performing marriage ceremonies, which sum shall not be accountable for and not required to be reported as fees of office." (Emphasis added)

In a letter opinion to Hon. Tom C. King, State Auditor, dated August 11, 1938, this office held that fees collected by a Justice of the Peace, compensated on

a fee basis, for acting as Registrar of Vital Statistics are fees of office and accountable as such.

In view of the foregoing it is our opinion that all fees collected by the Justice of the Peace of Precinct No. 1 as Local Registrar of the City of Pittsburg should be reported and accounted for in his annual report.

## SUMMARY

Where two registration districts have been combined, the Justice of the Peace who has been designated as Local Registrar in such consolidated district should report and account for all fees collected by him as Local Registrar.  Rule 36a, Art. 4477, and Art. 3891, V.C.S.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

By   *Bruce Allen*
        Bruce Allen
        Assistant

Charles D. Mathews
Executive Assistant

BA:mw